IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JAMES MACK                                                                              PLAINTIFF

VS.                                      CASE NO. 4:10-CV-04129

SHERIFF RON STOVALL;
SGT. JOHNNY WELCH;
CPL. TRACEY SMITH; and
OFFICER RACHEL JONES                                                         DEFENDANTS

## **ORDER**

Before the Court is the Report and Recommendation filed January 30, 2012 by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 31). Judge Bryant has examined the Defendants' Motion for Summary Judgment (ECF No. 22), the Plaintiff's Response (ECF No. 27), and the Defendants' Reply. (ECF No. 29). Judge Bryant recommends granting the Defendants' motion in part and denying their motion in part. The Plaintiff has filed an objection to Judge Bryant's report (ECF No. 32), and the Defendants have not. The time for objecting has passed. After conducting a *de novo* review of the record, the Court adopts Judge Bryant's Report and Recommendation as its own.

The Plaintiff's claims arise out of a single event: his tasing on June 10, 2010. On that date, Corporal Tracy Smith tried to remove the Plaintiff's black-weave cap. The Plaintiff verbally resisted Smith, and told Sgt. Johnny Welch that he would remove the cap by himself. Welch then tried to remove the Plaintiff's cap, and the Plaintiff told Welch not to place his hands on him. A physical confrontation ensued, during which Officer Rachel Jones tased the Plaintiff on Welch's order.

1

After the Plaintiff was tased, Officer Jones removed the taser prongs from the Plaintiff's back, and swabbed the entry wounds with alcohol and covered them with band-aids. There is a dispute about whether the Plaintiff requested additional treatment or received any.

The Plaintiff filed suit against the Defendants under 42 U.S.C. § 1983 alleging excessive force and denial of medical care. The Defendants moved for summary judgment on all of the Plaintiff's claims. Judge Bryant recommends *granting* the Defendants' summary-judgment motion on: 1) all of the Plaintiff's official-capacity claims; 2) all of the Plaintiff's individual- and official-capacity denial-of-medical-care claims; and 3) the Plaintiff's individual-capacity excessive-force claim against Sheriff Stovall. Judge Bryant recommends *denying* the Defendants' summary-judgment motion on the Plaintiff's individual-capacity excessive-force claims against Defendants Welch, Smith, and Jones.

The Plaintiff objects to Judge Bryant's recommendation to grant summary judgment for Sheriff Stovall in his individual capacity on both the excessive-force and denial-of-medical-care claims. The Plaintiff contends that Sheriff Stovall might have been aware of what happened to him on June 15, 2010. He also contends that Sheriff Stovall became liable when the jail allowed a camera to fail, causing a lack of security.

Sheriff Stovall may be liable in his individual capacity for the Plaintiff's claims only if he directly participated in the use of excessive force or the denial of medical care, or if he failed to train or supervise those who did participate and that failure caused the violation. *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997) (internal citation omitted)).

Neither of the Plaintiff's allegations show Sheriff Stovall's direct participation in the Plaintiff's harm or Sheriff Stovall's failure to train those who harmed the Plaintiff, much less that

a failure to train caused the harm. The Plaintiff's objection to Judge Bryant's report is thus not persuasive.

Based on the information in Judge Bryant's Report and Recommendation (ECF No. 31), and the reasoning in this Order, the Court adopts Judge Bryant's Report and Recommendation in its entirety. Therefore, the Defendants' Motion for Summary Judgment (ECF No. 22) is **GRANTED** as to 1) all of the Plaintiff's official-capacity claims; 2) all of the Plaintiff's individual- and official-capacity denial-of-medical-care claims; and 3) the Plaintiff's individual-capacity excessive-force claim against Sheriff Stovall. The Defendants' Motion is **DENIED** as to the Plaintiff's individual-capacity excessive-force claims against Defendants Welch, Smith, and Jones.

IT IS SO ORDERED, this 12th day of April, 2012.

/s/ Susan O. Hickey
Hon. Susan O. Hickey
United States District Judge